Manuel Lopez v. The State.

No. 2923.   Decided April 8, 1914.

Rehearing denied April 29, 1914.

### 1.—Manslaughter—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, although conflicting, there was no reversible error.

### 2.—Same—Confession—Evidence.

Where, upon trial of murder and a conviction of manslaughter, defendant's written confession was properly introduced in evidence, there was no error; besides, the bill of exceptions was defective in not pointing out the matters objected to.   Following Ortiz v. State, 68 Texas Crim. Rep., 524.

### 3.—Same—Evidence—Res Gestae.

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that the conversation between the son of the deceased and the deceased occurred a few minutes after the shooting, the same was res gestae and admissible.

### 4.—Same—Husband and Wife—Cross-examination.

Where, upon trial of murder and a conviction of manslaughter, the State cross-examined the wife of the defendant on matters brought out in the examination in chief with reference to her written statement which was not introduced in evidence, there was no error.

### 5.—Same—Words and Phrases—Charge of Court.

The use of the word, "gun," in the court's charge on murder in the second degree, instead of using the word, "pistol," as alleged in the indictment was immaterial; besides, in the court's charge on manslaughter for which defendant was convicted, he used the word, "pistol."   Following Douglass v. State, 26 Texas Crim. App., 109, and other cases.

### 6.—Same—Requested Charge—Objections to Charge of Court—Presumption—Confessions.

Where the record on appeal did not disclose that the court did not submit his charge to the attorneys, it must be presumed that he did so, and it not appearing from the record that the defendant objected to the court's charge or that the requested charge was presented and refused before the argument was begun, the same can not be reviewed on appeal; besides, the written confessions were properly admitted and there was no error.   Following Treadway v. State, 65 Texas Crim. Rep., 208, and other cases.

### 7.—Same—Charge of Court—Requested Charges.

Where, upon trial of murder and a conviction of manslaughter, the requested charges were sufficiently embraced in the court's main charge, there was no error in refusing same.

**8.—Same—Verdict—Misspelling.**

Where the verdict for manslaughter was clearly sufficient to base thereon a judgment, there was no error on account of misspelling of words therein. Following McGee v. State, 39 Texas Crim. Rep., 190.

**9.—Same—Suspended Sentence—Charge of Court.**

The Suspended Sentence Act of April 3, 1913, is void and the court correctly charged the jury to assess the penalty. Following Ex parte Marshall, 72 Texas Crim. Rep., 83.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. K. Saunders* and *Lewis H. Jones* and *Mallory B. Blair,* for appellant.—On question of cross-examination of defendant's wife: Johnson v. State, 11 S. W. Rep., 34; Boyd v. State, 26 S. W. Rep., 1080; Miller v. State, 40 S. W. Rep., 313.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction of manslaughter with the lowest penalty assessed.

The court charged on murder in the first degree and in the second degree, on manslaughter and self-defense. The evidence was amply sufficient to sustain a conviction of murder in the second degree if the preponderance of the evidence was not to that effect. The State's evidence would show this. The evidence for the defendant would have authorized an acquittal on the ground of self-defense.

The State, by four witnesses, proved up the execution of the written confession of appellant, which was shown to have been executed. It was then introduced in evidence.

Appellant has some bills to the introduction of the evidence by the four several witnesses who proved up the execution of said confession. They quote substantially, if not literally, the whole of each of the witnesses' testimony on the subject. All this testimony was admissible. Even if there had been any particular portion of the testimony of the respective witnesses inadmissible, none of appellant's bills point out any such matter. The objections are made to the whole of it. Ortiz v. State, 68 Texas Crim. Rep., 524, 151 S. W. Rep., 1056, and authorities there cited. There are many other decisions to the same effect, both before and since the Oritz case, unnecessary to cite.

Appellant objected to the testimony of Cypriano Godina, a son of the deceased, as to what the deceased told him, about appellant shooting him, very soon after the shooting. The court, in qualifying the bill, states: "This evidence was admitted as res gestae, the evidence showing

that the conversation occurred a few minutes after the shooting." As the bill is qualified, this evidence was clearly admissible as res gestae.

The court properly permitted the State in cross-examination of appellant's wife to ask her about a written statement she had made concerning the killing, the court qualifying appellant's bill on the subject by stating: "The witness was not interrogated about any matter not brought out by the defendant. The State had the written statement of the witness, but it only related to the killing which she had testified about on direct examination for the defendant." The written statement was not introduced nor offered in evidence, and not shown by this record.

The indictment charged that appellant killed deceased by shooting him with a pistol. The court, in submitting murder in the second degree, used the word "gun" instead of "pistol." Even if the court's using the word "gun" instead of "pistol" was error, it was immaterial, as appellant was acquitted of murder in the second degree and convicted of manslaughter only. In his charge submitting manslaughter he did not use the word "gun." Under our decisions a gun is a pistol and a pistol a gun. In no event was the court's charge error. Douglass v. State, 26 Texas Crim. App., 109; Brown v. State, 43 Texas Crim. Rep., 293; Monk v. State, 27 Texas Crim. App., 450; Johnson v. State, 29 Texas Crim. App., 150; Hernandez v. State, 32 Texas Crim. Rep., 271.

Appellant requested, and the court refused to give, his special charge to this effect: "If you find the confession of defendant was not voluntarily made, or made without a full understanding of the nature of it, you will disregard such confession and consider it for no purpose." This case was tried sometime after the Act of April 5, 1913, amending articles 735, 737, 743 and adding 737a to our Code of Criminal Procedure was in force. These articles, as amended, in effect require the court to submit his charge to the attorneys for both sides after the evidence is concluded and before the argument begins. The record does not disclose that this was not done in this case and we must, therefore, presume it was. The record further does not disclose that appellant, at the proper time, made any objection to the court's charge. Nor does his bill to the refusal of the court to give his said special charge show that it was presented to the court before the argument was begun. If such was the case the bill should show it. His bill to the refusal of the court to give this charge was not filed until November 18, 1913. The term of court at which appellant was tried adjourned August 21, 1913. Judging by the record in this and other matters, we conclude appellant did not request this charge before the court's charge was read to the jury and before the argument began. Under the circumstances we take it, the matter is not shown in such way as to authorize this court to review the question. But even if we could, the evidence was so overwhelming that appellant did voluntarily make said written confession and understood it; that the court's refusal to give it is not of such grave importance as would authorize or require this court to reverse this case. The State proved positively and unequivocally by four witnesses, the district attorney, the

sheriff, the court stenographer and another witness that appellant,—after the proper warning, and the confession itself also so shows,—voluntarily made and signed said written confession. That it was explained to him and read over to him several times before he signed it; that he understood English and, in addition, that an interpreter was had and it was read and explained to him by the interpreter in Spanish, and that after all this he signed it. He admitted that he had made a statement to the district attorney and that he signed it. He said in his testimony it was not read over to him and then he said it was read over to him. Taking all the testimony on the subject it so overwhelmingly shows appellant made and understood it and voluntarily signed it as to make it unnecessary to give his special charge. Williams v. State, 60 Texas Crim. Rep., 453. Besides, if appellant's testimony raised the question at all, it was so weak, trivial and light and its application so remote as that the court was not required to give his said special charge. Davis v. State, 28 Texas Crim. App., 542; Bishop v. State, 43 Texas, 390; Cunningham v. State, 17 Texas Crim. App., 89; Elam v. State, 16 Texas Crim. App., 34; Leeper v. State, 27 Texas Crim. App., 694; Treadway v. State 65 Texas Crim. Rep., 208, 144 S. W. Rep., 667-8, and cases there cited. Other cases might also be cited, but we deem it unnecessary.

Appellant asked some other special charges. It is unnecessary to state or discuss them. Wherever any issue was raised which was necessary to be submitted, the court sufficiently did so in his main charge. The verdict, "We, the Jury, find the Defenda— Guilty of Man Slaughter and Assess his punishment at two years in the State Penitentiary. (Signed) D. W. Bradford, Fourman," was clearly sufficient and the court did not err in not arresting the judgment as moved by appellant. McGee v. State, 39 Texas Crim. Rep., 190, and cases there cited, and many other cases too numerous to cite.

The Suspended Sentence Act of April 3, 1913, p. 262, was held void in Ex parte Marshall, 72 Texas Crim. Rep., 83, 161 S. W. Rep., 112, and as has many times recently been held by this court, the court correctly told the jury to assess the penalty, instead of merely finding the appellant guilty and the court then itself afterwards assessing the punishment. No reversible error is shown in this case and the judgment will be affirmed.

*Affirmed.*

[Rehearing denied April 29, 1914.—Reporter.]