JACK CAMPBELL V. THE STATE.

No. 5936.   Decided April 27, 1921.

1.—Intoxicating Liquors—Possession—Transportation—Declaration by Defendant—Arrest.

Where, upon trial of having in possession and transporting intoxicating liquors in violation of the law, it was not shown that defendant was under arrest at the time he made the declarations to the officers, that he had just bought said liquor from a bootlegger, etc., there was no reversible error. Following Speer v. State, 4 Texas Crim. App., 485, and other cases.

2.—Same—Evidence—Moral Turpitude—Rule Stated—Common Prostitute.

It is competent for either party to ask a hostile witness if she is not a· common prostitute, and this question could be asked, although the witness had already stated that she had a room in the hotel kept by the defendant. Following McCray v. State, 38 Texas Crim. Rep., 609, and other cases.

3.—Same—Charge of Court—Defendant's Knowledge.

Where defendant contended that the trial court erred in his refusal to submit his requested charge, that if the grips were left in defendant's room and he did not know their contents (intoxicating liquors) he would not be guilty, but the evidence showed overwhelmingly that such contention was without substance, there was no reversible error. Following Mitchell v. State, 65 Texas Crim. Rep., 545; and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of having possession of and transporting intoxicating liquors in violation of the law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of refusing requested charge:—Grant v. State, 143 S. W. Rep., 929; Garza v. State, 42 id., 563; Bond v. State, 4 id., 580.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County by a general verdict of guilty under an indictment containing two counts, one charging transporting, and the other charging possessing intoxicating liquor in violation of what is known as the Dean Law, Acts Second, called Session, Thirty-sixth Legislature, page 228, and his punishment fixed at two years in the penitentiary.

The facts showed that appellant was the proprietor of a hotel in Eastland County and that on the occasion in question two deputy

sheriffs went to his room in said hotel in the early morning and found therein appellant and his wife in bed and also two grips or suitcases filled with pint bottles of whisky. Both officers testified that appellant told them that he had just bought this liquor from a boot-legger. The assistant county attorney testified that after the case was filed appellant came to the county attorney's office and told witness that he had just gotten in from El Paso with said liquor. On appellant's behalf his wife testified that a man whom she did not know had left two grips in his room that night; she further stated that appellant told the officers it was his and that he had bought it, to protect the other man. A woman who danced in the cabaret of appellant, and occupied a room in said hotel adjoining that occupied by appellant and his wife, also testified that about twelve or one o'clock on said night she heard a man ask appellant if he could leave a couple of grips with him. On cross-examination this witness admitted her intimacy with men and that she was engaged in prostitution at the time.

Appellant's first objection is to the testimony of officer Hague as to the statement made to him by appellant concerning the grips and liquor, the ground of the objection being that the accused was under arrest or legal restraint at the time and was not warned. It does not appear from the bill of exceptions that appellant knew Mr. Hague to be an officer, nor that anything was said about arrest, or the official character of either of the men, prior to said conversation. It is not shown that appellant knew or thought that having said liquor in his possession was a crime. Speer v. State, 4 App., 485. If one found by an officer in possession of stolen property makes a statement as to where he got it before arrest, such statement is admissible. Holmes v. State, 32 App., 361; Hilcher v. State, 60 Texas Crim. Rep., 180, App., 180. Mr. Branch in Section 62 of his Ann. Penal Code cites many authorities as holding that whatever the intentions of the officer, if he had not communicated same to defendant or arrested defendant at the time he made statements they are admissible. These authorities seem conclusive of this contention of appellant. We find also that the testimony of the other officer appears to be in the record without objection and the uniform holding of this court is that where there is testimony of witnesses to a fact, without objection, this would render of no consequence objection to the same testimony from other witnesses.

It is competent for either party to ask a hostile witness if she is not a common prostitute. McCray v. State, 38 Texas Crim. Rep., 609; Hall v. State, 43 Texas Crim. Rep., 489; Brittain v. State, 47 Texas Crim. Rep., 602. The fact that the witness had already stated that she had a room in the hotel kept by appellant would not make this testimony inadmissible. The trial court limited in his charge to the jury, consideration of this question to the credibility of said witness.

We do not think it reversible error to refuse a charge to the effect that if the grips were left in appellant's room and he did not know

their contents he would not be guilty. The testimony of appellant's wife was relied on to support this theory. The element of knowingly transporting or possessing is not found in the legislative act covering this offense, but if it should be deemed an issue in a proper case, we would hold that the evidence before us to the contrary is so overwhelming as to make the contention without substance. In the testimony of appellant's wife appears the statement that appellant did know what was in said grips. Appellant did not testify himself and it seems indisputable that the two grips were found in his room and that he told the officers that same contained whisky and that he had just purchased it. His wife admitted that her husband told the officers these facts. Mr. Sewell, the assistant county attorney testified that after appellant made bond that he came to the county attorney's office and told him he had just gotten home with said liquor from El Paso and tried to get his case dismissed stating that it was a strange law that a man could not get whisky at one place and bring it home. It seems to be well settled that unless there appears some evidence upon which a jury might predicate a finding thereunder, the refusal of a charge presenting an issue will not be error. Mitchell v. State, 65 Texas Crim. Rep., 545, 144 S. W. R. 1006; Phillips v. State, 57 Texas Crim. Rep., 160; Williams v. State, 60 Texas Crim. Rep., 453; Lopez v. State, 73 Texas Crim. Rep., 624.

We find no reversible error in the record and the judgment will be affirmed.

*Affirmed.*