JOHN STANTON v. THE STATE.

No. 7609.    Decided May 23, 1923.

1.—Unlawful Manufacture of Intoxicating Liquor—Evidence—Silence of Defendant.

Where, upon trial of unlawful manufacture of intoxicating liquor, the officer testified that riding through the country he saw an army tent, and that defendant was sitting about fifteen or twenty feet therefrom, and that when the officer asked him what was in there he replied that the officer ought to know, and said he was working on a well near the tent; that after going to the tent and raising the flap of it the officer looked in the tent and saw a whisky still in operation in there, whereupon he arrested the defendant, and the officer was asked by the District Attorney whether defendant then made any explanation or claimed innocence to which defendant objected because he was then under arrest, which objection the court overruled, the same is reversible error.

2.—Same—Evidence—Silence of Defendant—Arrest.

Where the sheriff had already testified that the defendant had explained his presence there by the statement that he was working at the well, and the question by the district attorney was not so framed as to admit of any additional statement, but the effect and apparent purpose of the question was to elicit the fact that defendant did not specifically disclaim his innocence, and to make his silence speak against him, after he was under arrest the same is reversible error.

Appeal from the District Court of Stephens.  Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of unlawful manufacture of liquor; penalty, two years imprisonment in the penitentiary.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, and *S. J. Osborne,* Assistant District Attorney.  On question of defendant's silence, Brown v. State, 162, S. W. Rep., 339; Johnson v. State, 167 id.; 734, Francis v. State, 170 id., 779.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The sheriff testified that while riding through the country he saw an army tent at the head of a ravine; that he rode up to it and saw appellant sitting on a box about fifteen or twenty feet distant from the tent.  The sheriff said: "I asked him what that was in there and he told me I ought to know.  I went back to the tent and raised the flap and looked in and a still was there and in operation."

The sheriff described the still which at the time was making whisky. The tent, according to the sheriff, was about seventy-five yards from a well which was drilling.  There was a house about 140 yards away. No other persons were about the tent which was on the edge of a timber.  The sheriff said further: "After I discovered what was in the tent, then I arrested the defendant."

On cross-examination the sheriff said that appellant made no effort to leave but sat there until he was arrested; that besides stating: "You ought to know," appellant, in response to a question, said that he was working on a well drilling about forty yards from the tent. He was not seen near the tent; in fact, he was about forty yards from the well and about fifteen or twenty feet from the tent, and the sheriff saw him doing nothing in connection with the still.

Appellant testified that after starting his engine at the oil well, he went to the tent, thinking there was liquor; that he found none but sat down outside and remained seated until the sheriff came; that the tent had been there but a few days; that he had never gotten any

liquor there; that he had not been there over twenty minutes at the time the sheriff arrived; that the sheriff asked him what he was doing there and he told him he was working on the lease; that the sheriff asked him what was in the tent, and he told the sheriff that *he ought to know*. Appellant said that he had nothing to do with the operation of the still and knew of no one interested in it.

The superintendent of the oil lease adjacent to the tent testified that the appellant had worked for him on the day of his arrest; that he had seen appellant about the tent about ten or fifteen days before his arrest; that he was at that time lying down in the tent but that there was no still in it.

There are several bills of exception, one of which reads thus:

"Be it remembered, that upon the trial of the above styled and numbered cause, while the witness L. D. Head, Sheriff of Stephens County, was on the witness stand testifying on behalf of the State, and after he had testified 'after I discovered what was in the tent I arrested the defendant,' he was asked by the District Attorney, the following question:

'When you opened the flap and found the still and liquor there, did he make any explanation or claim innocence?'

To which question the defendant then and there in open Court objected on the ground that the defendant was under arrest and that his refusal to make a statement could not be used as evidence against him upon the trial of this cause.

Which objection was by the Court overruled and the witness permitted to answer:

'I asked the defendant if he wanted to make a statement after we brought him to town and brought the still in. I brought him downstairs in the jail and in the presence of the County Attorney asked if he wanted to make a statement and he said he did not want to make any.'

To all of which the defendant then and there in open Court excepted and herein now files this his Bill of exception No. 2, and asks that same be approved and filed as part of the record in this cause.

The Court qualifies Bill of Exception No. 2 as follows:

The witness Head testified when he discovered the defendant sitting on a box near a tent, he asked the defendant what was in the tent, and the defendant replied, 'you ought to know' then the witness Head opened the tent and discovered a still running and making liquor. The witness Head after looking at the still then went to the defendant who was sitting on a box some fifteen or twenty feet distant and arrested the defendant. Then defendant's counsel on cross-examination of the witness Head asked him if the defendant didn't tell him at the tent that he, the defendant, was working there on the lease, and the witness said he did. The district attorney then on re-examination of the witness Head, asked the witness Head the following question:

'When you opened the flap and found the still and liquor there, did he make any explanation to you or claim innocence.'

The witness Head in answer said:

'No, sir, he did not. I asked if he wanted to make a statement after I brought the still in and brought him downstairs in the jail in the presence of the County Attorney and he said he did not want to make any.'

To which answer the defendant's attorney made objection as follows:

'I object to all of this testimony because the defendant was under arrest.'

The Court overruled the objection and the defendant excepted.

The district attorney then said to the witness:

'I mean there at the time when you found him sitting there with the still making liquor, did he make any protest that he was innocent and had nothing to do with making the liquor or operating the still.'

To which the witness answered: 'No, sir.'

The evidence showed the defendant was not under arrest at the time the witness opened the flap and discovered the still but the sheriff after this incident went to the defendant who was sitting on a box some fifteen or twenty feet from the tent and arrested him.

The part of the answer of the witness to the effect that he brought defendant downstairs at the jail and asked him if he wanted to make a statement was after the defendant was under arrest and a voluntary statement of the witness was not in answer to the question of the district attorney. No request was made of the court to instruct the jury to disregard that part of his answer with reference to defendant's declining to make a statement after his arrest, but was a general objection to the entire answer, because defendant was under arrest."

If we understand the record, it shows that the declaration by the appellant, "You ought to know," and the statement that he was working on the driller, which was about forty yards distant from the tent were both made before the still was discovered. It occurs to us that from the moment the still was discovered, appellant was under restraint. When the still was discovered appellant was fifteen or twenty feet from the tent, and the sheriff said: "When I discovered the still, I arrested the defendant." That statement is the only evidence found which explains the arrest. The sheriff was armed, and obviously from the moment the still was discovered, he had appellant under restraint and appellant doubtless must have so understood. A formal arrest was not required to protect the appellant from the use of statements made while under arrest not in accord with Art. 810 of the Code of Crim. Proc. See Clark v. State, 84 Texas Crim. Rep. 390; Phillips v. State, 86 Texas Crim. Rep. 624; Campbell v. State, 89 Texas Crim. Rep., 243, 230 S. W. Rep., 695. The State

94 T. C.—24

having shown that appellant said, ''You ought to know,'' and the appellant having shown by the same witness on cross-examination that at the same time he said he was working at the oil well nearby, it was competent for the State to show that at the same time and in the same connection the appellant made additional statements. (C. C. P. Art. 811.)· The declaration of the accused at that time and place would have been admissible under the res gestae rule. Broz v. State, 93 Texas Crim. Rep. 137, 245 S. W. Rep. 707. The question propounded, however, was not so framed as to elicit any additional statement. The witness had already testified that the appellant had explained his presence there by the statement that he was working at the well. The effect and apparent purpose of the question was to elicit the fact that the appellant did not specifically disclaim his innocence at the time. In other words, to make his silence speak against him. The answer to the question showed that while he was silent at the time inquired about, that he at another time and place, while he was formally under arrest, expressly refused to make any statement. The court in its qualification directs attention to the fact that the objection made to the question was that the appellant was under arrest and that there was no motion to exclude the answer. The answer made by the sheriff to the question propounded was not responsive to the question and was not admissible under any circumstances developed by the record. It was violative of the statute against proving unwarned statements while under arrest. It was also contrary to the constitutional inhibition against requiring a witness to give evidence against himself. At the time to which the answer given by the sheriff refers, the appellant had a right to be silent, and the law did not permit his silence to be used against him. This answer having come in response to a question which was not proper and to which sufficient objection was made, it should not have been received or used against the appellant. The fact that he did not move to exclude it does not nullify the error committed in overruling the objection to the question, and under the circumstances it was incumbent we think upon the trial court to exclude it upon the objection made, namely, that the appellant was under arrest.

The evidence in the case is meagre, and the declaration which we have just been discussing probably had some weight with the jury. Because of it, the judgment is reversed and the cause remanded.

*Reversed and remanded.*