ALFRED JENKINS V. THE STATE.

No. 21475. Delivered March 5, 1941.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for knowingly passing a forged check; punishment assessed being two years in the penitentiary.

Appellant, Trilby Bowden and Clyde Henson, went from Stephenville to Glen Rose on July 4, 1940, traveling in Bowden's car. They became short of funds and decided to procure some by means of a check. Appellant filled in the date and amount of a check for five dollars, making same payable to himself, and drawn on the Farmers First National Bank of Stephenville, Texas; and Henson signed the name of "Felix Dean" to the check. It was passed at a filling-station where the said parties got some gasoline and received $4.35 in cash, which was handed to the appellant. He represented that he had been cutting Johnson grass for Mr. Dean and that the check was given appellant in payment for said labor.

The case against appellant was tried on September 9, 1940, but resulted in a mistrial. The trial court called the case again on September 11, 1940. Appellant filed a motion in which he challenged the array of jurors for the week, averring that all

of them were present on September 9th and heard the attorneys state the nature of the case and the questions propounded by said attorneys to the jurors; and further averred that the trial judge had excused a part of the panel in the absence of the appellant. No formal bill of exception is brought forward in which it is certified by the court that the averments in the motion were true; and the motion being a mere pleading in the case, the averments therein do not prove themselves. The trial court appended to the motion a statement that the jurors who had been excused in the appellant's absence were brought back into court and were again excused in his presence after stating that they had formed an opinion as to his guilt. From such statement we assume that the jurors so excused were the ones who had sat upon the first trial of the appellant. Nothing is shown to this court which would indicate that the jurors who sat in the present trial were other than fair and impartial jurors. If any of them were in the court room during the first trial and heard the evidence then introduced and from this formed an opinion as to appellant's guilt, they, of course, would not be proper jurors. If such were the fact, it could easily have been ascertained and the complaint brought forward in a proper bill of exception, but this has not been done. The presumption is that the trial judge acted correctly in the matter, and such presumption has not been overcome by the showing here made.

Bill of Exception No. 1 complains of the admission in evidence of the appellant's written confession. Said confession has at the beginning a recital that appellant was warned by Clint A. Barham and that the confession was made to him, the warning in all respects complying with the requirements of Article 727, C. C. P. It is stated as grounds of objection in the bill that Barham had not sufficiently warned appellant. There is no certificate in the bill verifying the truth of the objection. There should have been incorporated in the bill sufficient of the evidence to exhibit a basis for the appellant's complaint. See Branch's Ann. Tex. P. C., sec. 209, and authorities cited thereunder. The point apparently sought to be presented by the bill in question, as we understand it, was decided adversely to appellant in DeBeauford v. State, 95 Texas Cr. R. 398, 254 S. W. 572.

The only other bill brought forward complains of the fact that while the State's attorney was interrogating the witness Barham concerning the confession, the trial court asked the witness if appellant read the statement, to which the witness

answered, "Yes, sir; he did," before appellant could interpose an objection. The grounds of objection stated are that such question by the court had the effect of inducing the jury to believe that the court thought the statement (confession) had been executed in due formality. We fail to see how the question as framed by the court was calculated to impress the jury with the idea embraced in the objection. The purpose of the question was obviously to ascertain the facts regarding the making of the confession, and we fail to see the possibility of injury to the appellant therefrom. See Rodriguez v. State, 110 Texas Cr. R. 267, 8 S. W. (2d) 149, and cases there cited.

The judgment is affirmed.