TREMLIN C. CAMPBELL v. STATE

No. 34,338.   May 16, 1962
Motion for Rehearing Overruled June 13, 1962

*Brown & Brown,* by *David H. Brown,* Sherman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Notice of appeal has been perfected in this cause. Therefore, our prior opinion is withdrawn and the appeal is reinstated.

The offense is incest; the punishment, five years.

Elizabeth Campbell Turner, the prosecuting witness, testified that she was eighteen years of age and the daughter of appellant;

that she is now married but that on April 12, 1961, she was unmarried and lived with her father, mother, four sisters, and two brothers in Sherman, Texas; that on such date her mother was confined in the hospital; that on the night in question, while her brothers and sisters were asleep in the house and she was in the kitchen, appellant came in and "took me by the arm and we went to his bedroom * * * there we went to bed"; that appellant placed his private parts in her private parts. The prosecutrix stated that she never consented to this act of intercourse and that she feared appellant.

Johnny Burleson, a detective with the Sherman police department, testified that on May 6, 1961, he executed a warrant of arrest against appellant and took him to the city police station, where he questioned appellant about one hour; that appellant was then removed to the county jail; that on May 8, 1961, around 1:00 o'clock, P.M., he again questioned appellant for some thirty minutes, at which time appellant made and signed a statement, after statutory warning, admitting the alleged act.

Appellant did not testify in his own behalf.

There are no formal bills of exception nor objections to the court's charge appearing in the record.

Several points of error are raised by informal bills of exception.

Appellant first contends that the trial court erred in allowing the prosecutrix to testify after she claimed her privilege against self-incrimination.

An examination of the record reflects that, on first being called as a witness, the prosecutrix refused to testify and claimed her privilege. The trial court, in the absence of the jury, inquired into the matter and upon prosecutrix's continued refusal to testify, held her in contempt. After spending the night in jail, she again took the witness stand and purged herself of the contempt.

The privilege of refusing to answer a question because of self-incrimination belongs only to the witness and appellant has no right to object thereto. 44 Texas Jur., Sec. 24, pp. 966, 967; and Washburn v. State, 167 Texas Cr. Rep. 125, 318 S.W. 2d 627. The contention is overruled.

It is next contended that error was committed in the admission

of appellant's written statement over his objection that such was not taken in conformity with the law.

From the record it appears that on cross-examination the witness Burleson testified that he warned appellant that his statement "could be used either for or against him", but on re-direct examination he stated that he misunderstood the question and that he gave the warning which appears on the statement. The statement, introduced as State's Exhibit No. 2, contains the following language: "* * * that any statement made by me may be used in evidence against me * * *."

In the absence of the jury, the court heard the testimony on the admissibility of the statement, admitted it in evidence, and in his charge instructed the jury that before they could consider the same as any evidence they must believe that appellant was warned by the person taking the same that he did not have to make any statement at all and that any statement made by him could be used in evidence against him on the trial for the offense concerning which the statement was made.

No error was committed by the court in admitting the statement in evidence and submitting to the jury the issue of whether the statutory warning had been given. Sandoval v. State, 162 Texas Cr. Rep. 370, 285 S.W. 2d 222.

Finding the evidence sufficient to sustain the jury's verdict, and no reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant re-urges his contention that the court erred in admitting his written confession in evidence. He insists that because he was not given the statutory warning until after he had orally confessed to the crime his subsequent written confession should not have been admitted.

While the record shows that appellant was not warned by the officer prior to the time he orally confessed to the crime, the evidence shows that he was duly warned prior to his signing the confession which was admitted in evidence.

In De Beauford v. State, 95 Texas Cr. Rep. 398, 254 S.W. 572, a similar contention as here urged by appellant was over-

ruled by the court where the evidence showed that the accused was duly warned before he signed the confession introduced in evidence.

Judge Lattimore, speaking for the court in disposing of the contention, said: "The statement alleged to be the confession of appellant does not become his until his signature is affixed thereto."

We again overrule appellant's contention.

We also find no error in the court's action in admitting the confession in evidence over appellant's objection that it related to an offense different from that charged in the indictment. The indictment charged that the offense was committed on or about the 12th day of April, 1961. The prosecuting witness testified that appellant had intercourse with her on the night of April 12, 1961, at their home.

In his confession, appellant stated:

"On or about the 12th or 13th day of April, 1961, I had an intercourse with my daughter * * * at our home * * * this was the first I had done a thing like this and the last * * * I was sitting in the living room watching television and * * * my daughter came in the room with just a slip and her underwear on—she sat down in my lap—then we had an intercourse * * *."

While appellant stated in his confession that the act of intercourse took place in the living room, where he was watching television, and the prosecuting witness testified the act occurred on a bed in his bedroom, both stated that there was only one act on the night in question, which the record shows was April 12, 1961, the date alleged in the indictment. Under the record, the confession was not subject to the objection made by appellant.

We observe that the court in his charge, to which no objection was made, instructed the jury that if they believed from the evidence or had a reasonable doubt thereof that the prosecuting witness was an accomplice and that the act of intercourse alluded to in appellant's confession was a separate and distinct act from that testified to by her, then to acquit him. Such instruction amply protected appellant against the jury convicting upon the uncorroborated testimony of an accomplice.

We overrule appellant's contention that he was denied due process of law because he was not taken before a magistrate for an examining trial prior to return of the indictment against him. Appellant made no request for an examining trial. Recently, in Singleton v. State, 171 Texas Cr. Rep. 196, 346 S.W. 2d 328, it was held that an accused might not be heard to complain because the grand jury indicted him prior to the holding of an examining trial.

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.