**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00367-CR**
_____

**RONALD EDWIN DUNCAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Montgomery County, Texas**
**Trial Cause No. 22-366923**

**MEMORANDUM OPINION**

Ronald Edward Duncan was charged by complaint and information with the offense of displaying a fictitious license plate.[1] The trial court entered a plea of not guilty on Duncan's behalf. Following a jury trial in which he appeared pro se, the jury found Duncan guilty of the offense and assessed his punishment at 120 days in jail.

---

[1]Tex. Transp. Code Ann. § 504.945(a)(4).

1

In this pro se appeal, Duncan raises eight issues for our review. We affirm the trial court's judgment.

## Background

On May 6, 2022, Deputy Jose Torres of the Montgomery County Constable's Office, Precinct Two, observed a four-door Cadillac driving without a front license plate. As Torres pulled behind the vehicle to initiate a traffic stop, he noticed the vehicle was displaying a white tag that said "PRIV4T3" in the back. The tag was not displaying the name or insignia of any state or country, as would be typical on a license plate. When he ran the tag through his system, it did not come back to a four-door white Cadillac. In Torres's opinion, the tag was not a valid license plate issued by the State of Texas or any other legitimate governmental body. During the course of his investigation, Torres learned Duncan had purchased the license plate and displayed it on his vehicle.

Duncan testified at trial. He admitted he did not have a front license plate and that he purchased the back license plate online and attached it to his vehicle. Duncan explained that the license plate was a "public notice to my fiduciary public servants" that it was his "private property" and that he "was simply claiming [his] right to travel in the use of private property."

2

## Standard of Review

Duncan appeared pro se at trial and on appeal. A pro se litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his pro se rights. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd). Although we construe pro se arguments "with patience and liberality[,]" Duncan, as a pro se appellant, is not entitled to any special treatment and is held to the same standards as licensed attorneys. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also Grubbs v. State*, 440 S.W.3d 130, 133 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

To preserve error for review, a litigant must timely object to the alleged error and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. *See* Tex. R. App. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The purposes of requiring a timely, specific objection are (1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Garza v. State*, 126

3

S.W.3d 79, 82 (Tex. Crim. App. 2004) (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)).

An appellate brief must state all issues presented for review clearly and concisely and include appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). Duncan's brief raises sub-issues within in each main issue. When an appellant raises multiple issues in a single point of error, the point of error is multifarious, and an appellate court may decline to address those matters. *See Mays v. State*, 318 S.W.3d 368, 390 n.82 (Tex. Crim. App. 2010) (citing *Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000)). However, we may address the issue in the interest of justice if we can determine, with reasonable certainty, the alleged error about which a complaint is made. *See Davidson v. State*, 249 S.W.3d 709, 717 n.2 (Tex. App.—Austin 2008, pet. ref'd); *Marcum v. State,* 983 S.W.2d 762, 767 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Barnes v. State*, 634 S.W.2d 25, 26 (Tex. App.—Beaumont 1982, no pet.).

## Issue One

In his first issue, Duncan complains that the trial court ignored (1) Duncan's affidavits "Denying Corporate Existence," "Declaring [his] Lawful Status as an Indigenous American man," and declaring that he was present only by "special visitation" and not by "general appearance;" (2) Torres's failure to provide the "'due process' mandate of TCCrP 14.06;" and (3) Torres's lack of certification to perform

4

roadside inspections and "lack of jurisdiction by the prosecution and a non-credible witness lacking authority to enforce transportation codes."

Before trial, Duncan filed a document titled "Affidavit of Fact Denying Corporate Existence as 'Mandated' by Texas Rules of Court Rule 52," objecting to any document that contains a "corporate legal fiction identity" and asserting that Duncan is "a living sentient soul, a natural born Christian American man, a free man on the land before the 'Common Law.'" He also filed an "Affidavit of Truth and Fact-Counter claim #CR22-366922-23" stating that he "attend[s] this Foreign Corporate Tribunal by 'special presence' and NOT by 'general appearance[,]'" objecting to the lack of due process under "TCCrP 14.06-15.17 & 17.30;" and claiming the trial court lacked "proof of jurisdiction[.]"

Prior to trial, Duncan told the court that "I have – I've challenged – I've objected to proceeding and I've challenged jurisdiction." The trial court overruled his objection. Duncan also challenged subject matter jurisdiction, claiming that the prosecution "has not proven jurisdiction in the record." He further stated that "another element of jurisdiction is the due process of an examining trial" and that "the clerk must have, in her possession, the transcripts from an examining trial and the commitment order from the Judge that found probable cause." The trial court overruled Duncan's objections.

"Subject matter jurisdiction is conferred on a court by statute or constitution." *Estrada v. State*, 148 S.W.3d 506, 508 (Tex. App.—El Paso 2004, no pet.) (citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. [Panel Op.] 1981)). Moreover, the State has jurisdiction over an offense that a person commits inside this state. *See* Tex. Penal Code Ann. § 1.04(a)(1). The Texas Constitution recognizes the jurisdiction of county courts as provided by law. *See* Tex. Const. art. V, §§ 16, 17. The Texas Government Code provides for county courts at law generally and specifically in Montgomery County to have jurisdiction over criminal cases. *See* Tex. Gov't Code Ann. §§ 25.003, 25.1722. We have previously rejected a similar argument in *Borne v. State*, 593 S.W.3d 404, 410, 412-13 (Tex. App.—Beaumont 2020, no pet.). We reject Duncan's argument that the court was without jurisdiction.

Next, we turn to Duncan's argument that the "due process" mandates of Texas Code of Criminal Procedure 14.06 were ignored. Texas Code of Criminal Procedure 14.06(a) provides:

> Except as otherwise provided by this article, in each case enumerated in this Code, the person making the arrest or the person having custody of the person arrested shall take person arrested or have him taken without unnecessary delay, but not later than 48 hours after the person is arrested, before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in any other county of this state. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

Tex. Code Crim. Proc. Ann. art. 14.06.

6

The Court of Criminal Appeals has held that a defendant is not denied due process because he was not taken before a magistrate for an examining trial prior to the return of an indictment against him. *Campbell v. State*, 358 S.W.2d 376, 435 (Tex. Crim. App. 1962). That said, the record establishes Duncan was taken before a magistrate within forty-eight hours of his arrest, as required by article 14.06. The complaint and information allege that Duncan committed the offense on or about May 6, 2022. The Personal Recognizance Bond Replacing Surety Bond indicates Duncan signed the bond on May 7, 2022, and that it was approved by the presiding judge. The Order Setting First Court Appearance, which was signed by Duncan on May 7, 2022, indicates an offense date of May 6, 2022. Last, the Bail Decision accompanying the Affidavit of Financial Condition dated May 7, 2022, indicates that a probable cause hearing was held, during which an associate judge approved a $500 personal recognizance bond. We reject Duncan's argument that he was denied due process.

Lastly, we note that the record does not show Torres failed to complete a roadside inspection course as Duncan asserts, nor that Duncan objected at any time in the trial court that Torres was not certified to perform a roadside inspection. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R.

App. P. 33.1(a). Duncan has waived this issue by failing to preserve it for our review. *See id.* We overrule Duncan's first issue.

## Issue Two

In his second issue, Duncan complains that the trial court was "operating to impose 'STATUTORY LAW' against [him]" and that the "Inherent Rights of the People are NOT based on, nor are they contingent, or subject to 'Statutory Law.'"

The trial court admonished the jury panel that "if you are on the jury, you will take another oath; and that oath is to follow the law." Duncan asked whether the trial court was "referring to common or statutory law[.]" The trial court replied that it was referring to the "law applicable to the case," and agreed that the applicable law was statutory. Duncan responded, "Yeah, statutory. Thank you, Your Honor." Duncan did not object and did not obtain an adverse ruling. Duncan waived any error and presents nothing for our review in this issue. *See id.* We overrule Duncan's second issue.

## Issue Three

In his third issue, Duncan argues the State lacks any authority to prosecute him for a victimless crime. During voir dire, Duncan told the jury, "There's no criminal victim in this case. And without a sworn affidavit by a victim, in fact, there is no crime." The trial court directed Duncan to limit his questions to whether the veniremen "can follow the law that will be given to them by the Court" instead of

8

engaging in argument. Later, when the jury returned its verdict of guilt, the trial court asked Duncan if he had any motions before she accepted the verdict, to which Duncan replied, "That -- that it was not a -- there's no victim involved and that I would hope not to go to jail." The trial court responded, "Well, we'll go into the punishment phase to discuss that matter." Duncan responded, "Thank you, Your Honor." During the punishment phase, after the conclusion of closing arguments, Duncan interrupted the trial court's instructions to the jury to assert, "120 days would be torment. I barely survived three days in that dungeon. There's no victim. There's no real crime." The court responded, "All right. Mr. Duncan, you really don't have the right to close these arguments… but I think your point has been made."

Even if we were to construe Duncan's arguments during the trial as objections to the State's authority to prosecute him for a victimless crime, he did not obtain a ruling from the trial court on any of these objections. Accordingly, he failed to preserve this issue for our review. *See id.* That said, this Court has rejected a similar argument that a judgment was void because the State failed to identify an injured party. *See Borne*, 593 S.W.3d at 414-15. We overrule Duncan's third issue.

Issue Four

In his fourth issue, Duncan raises one of the same complaints he raises in his first issue: Torres's alleged failure "to provide the 'due process' mandate of TCCrP 14.06." In issue four, Duncan further elaborates that Torres's "willful neglect and

9

failure to take me before a Judge, lettered in law **[*authorized to adjudicate that a probable cause to incarcerated does/did exist*]** is treason against my lawful due process Rights[]" and "denies the court authority/jurisdiction." As we discussed in issue one, Duncan's complaint lacks merit. We overrule his fourth issue.

## Issue Five

In his fifth issue, Duncan complains that he "confirmed through public information request" that Torres was not a certified peace officer on the day of the traffic stop. At trial, Duncan did not question Torres about his certification as a peace officer or raise any objection on that basis. Accordingly, Duncan has failed to preserve this issue for review. *See* Tex. R. App. P. 33.1(a). We overrule his fifth issue.

## Issue Six

In his sixth issue, Duncan complains that the State failed to prove an essential element of the offense. Specifically, he claims the State failed to prove he knowingly altered or made illegible the letters, numbers, and other identification marks, as required to make the offense punishable by jail time.

The jury is the exclusive judge of the credibility of the evidence and the weight to be given to that evidence. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). As such, the jury is responsible for resolving conflicts in the testimony, is free to believe some, all or none of a witness's testimony, and may

assign as much or as little weight to a witness's testimony as it sees fit. *Id*. Jurors may also draw reasonable inferences from the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id*. at 16.

When examining whether a criminal conviction is supported by legally sufficient evidence, we compare the evidence to the elements of the offense as defined by a hypothetically correct charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). We consider all the evidence, viewed in the light most favorable to the verdict, along with the inferences that could reasonably be drawn from the evidence. *Hooper*, 214 S.W.3d at 13. We do not assess the credibility of the evidence, reweigh the evidence, nor substitute our judgment for that of the jury. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The evidence is legally sufficient to support the conviction if any rational trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "Each fact need not point directly and independently to a defendant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) (citation omitted); *see also Garcia v. State*, 667 S.W.3d 756, 761-62 (Tex. Crim. App. 2023)

(citation omitted) ("A proper review of evidentiary sufficiency considers the cumulative force of the evidence.").

Texas Transportation Code Section 504.945 is the statute that makes it a crime to display a wrong, fictitious, altered, or obscured license plate. Tex. Transp. Code Ann. § 504.945. That statute, states in part,

(a) A person commits an offense if the person attaches to or displays on a motor vehicle a license plate that:

. . .

(4) is fictitious[.]

. . .

(b) Except as provided by Subsections (e) and (f), an offense under Subsection (a) is a misdemeanor punishable by a fine of not more than $200, unless it is shown at the trial of the offense that the owner knowingly altered or made illegible the letters, numbers, and other identification marks, in which case the offense is a Class B misdemeanor.

. . .

(e) An offense under Subsection (a)(4) is a Class B misdemeanor.

*Id.* § 504.945(a), (b), (e). Duncan is mistaken that the State was required to prove he "knowingly altered" the license plate in order for the offense to be punishable as a Class B misdemeanor, rather than by fine only. The complaint and information alleged that the license plate number was "fictitious" under subsection (a)(4) of the statute. Under that subsection of the statute, the offense is a Class B misdemeanor

12

regardless of whether a person knowingly altered the plate. Texas Transportation Code section 504.945(a)(4) requires no culpable mental state. *See id.* § 504.945(a)(4).

Deputy Torres testified that he observed Duncan driving a motor vehicle without a front license plate. When he got behind the vehicle, he saw that it was displaying a white tag that said "private" by way of a combination of letters and numbers. The tag had no state insignia. Torres ran the tag through a computerized database and learned that the plate was not registered to the vehicle Duncan was driving. Torres testified that in his opinion, the plate was not a valid license plate issued by the State of Texas or any other state or legitimate governmental body. Duncan admitted at trial that he had no front license plate, that he purchased the license plate online, and that he attached that license plate, which Duncan referred to as a public notice, to the back of his vehicle. Based on the record before us, a reasonable factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. 2010). We overrule Duncan's sixth issue.

## Issue Seven

In his seventh issue, Duncan complains that the trial court "practiced law from the bench" and "entered perjured testimony" after she entered a plea of not guilty on Duncan's behalf. He also complains that the trial court denied his right to an

13

interlocutory appeal; that Torres was terminated from the Harris County Sheriff's Office for "misprison of a felony[;]" and the associate judge who presided over his bond hearing was fired a month later.

As to his first argument, the record reflects that Duncan refused to enter any plea to the information and that the trial court entered a plea of not guilty on his behalf. Texas Code of Criminal Procedure article 26.12 provides that "[i]f the defendant answers that he is not guilty, such plea shall be entered upon the minutes of the court; if he refuses to answer, the plea of not guilty shall in like manner be entered." Tex. Code Crim. Proc. Ann. art. 26.12. By entering a not guilty plea on Duncan's behalf, the trial court did what it was statutorily required to do.

With regard to his second argument, the record indicates Duncan demanded an interlocutory appeal after the trial court overruled his challenge to jurisdiction. The trial court denied that as well. The standard for determining appellate jurisdiction in a criminal case is not whether the appeal is precluded by law, but whether the appeal is authorized by law. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been expressly granted by law. *Id.* Duncan has not cited any rule, statute, or constitutional provision that would authorize an appeal by a criminal defendant from a trial court's pre-trial ruling denying the defendant's challenge to subject matter jurisdiction. That said,

earlier in this opinion we have determined the trial court had subject matter jurisdiction.

As to Duncan's claim regarding Torres's termination, the record shows he was permitted, over the State's objection, to cross-examine Torres regarding misconduct that resulted in his termination from the Harris County Sheriff's Office. Duncan fails to explain in his brief how Torres's termination from employment constitutes an independent basis for relief in this case. *See* Tex. R. App. P. 38.1(i) (an appellate brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (dismissing appellant's issues because "his brief presents no authority in support of his argument"). That said, evidence regarding Torres's termination was admitted, and the jury was free to believe or disbelieve Torres and to assign as much or as little weight to his testimony as they considered appropriate. We do not assess credibility, reweigh evidence, nor substitute our judgment for that of the jury. *See Williams*, 235 S.W.3d at 750.

Finally, Duncan waived his complaints about the associate judge by failing to object to the associate judge at any point in the trial court. *See* Tex. R. App. P. 33.1(a)(1). We overrule Duncan's seventh issue.

## Issue Eight

Duncan's last issue claims the statute under which he was prosecuted does not apply to him because there was no enacting clause present on the face of the statute. The Texas Constitution provides, "The enacting clause of all laws shall be: 'Be it enacted by the Legislature of the State of Texas.'" Tex. Const., art. III, § 29. Section 504.945 under which Duncan was charged was enacted under Senate Bill 1923, Act of May 26, 2021, 87th Leg., R.S., ch. 919, § 14, 2021 Tex. Gen. Laws 2352, 2354 (codified at Tex. Transp. Code Ann. § 504.945(a)(4)). The opening words of Senate Bill 1923 read, "Be it enacted by the Legislature of the State of Texas." Duncan's eighth issue is overruled.

## Conclusion

Having overruled all of Duncan's issues, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on August 13, 2024
Opinion Delivered December 18, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

16