## CLYDE MULLINS V. STATE.

### No. 25223. March 28, 1951.

*Reynold M. Gardner,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of burglary and given a term of eight years in the state penitentiary.

The testimony shows a breaking of the store of A. F. Smith in Amarillo, the entry being made through a window, and a sum of money taken therefrom out of a cash box and cash register. Sometime later, a sack containing money, identified as being similar to the lost money, as well as the wrappings thereon being similar to the ones lost by Mr. Smith, were located hidden by a post on the roadside in the suburbs of Amarillo. A peace officer, having been notified thereof, found this sack of money. He emptied the money and filled the sack with rocks and then replaced it. Soon thereafter, the appellant and a woman companion drove up in her car. He went to the point where the sack was concealed and picked it up. Finding that the same was filled with rocks, he discarded it. Both occupants of the car were soon thereafter arrested. The woman with the appellant was his ex-wife and the mother of his child, and both were taken to jail.

Appellant was desirous of having his ex-wife exonerated and discharged. He made one written statement relative to this burglary which was not introduced in evidence. However, the

ex-wife was discharged. Eventually, the next day, he made a written statement to the sheriff which was introduced in evidence, the objections to which comprise practically all the bills of exception herein. The sheriff took this statement and reduced the same to writing and same was signed by appellant. In his oral testimony before the jury the sheriff merely stated:

"Yes, I gave the warning; told him that he did not have to make any statement at all, and any statement he might make would be used against him."

It will be noted that the sheriff did not go further and say "on his trial for the offense concerning which the confession is therein made." However, it is noted that the written confession introduced in evidence did contain such omitted phrase, and it is also shown that appellant read such statement and signed the same.

We think the case of Oglesby v. State, 148 Tex. Cr. R. 393, 187 S.W. (2d) 555, to be in point, wherein it is held that a substantial compliance with Article 727, Vernon's Ann. C.C.P., will be sufficient, provided all elements of such statute are embraced in such warning.

It is evident that the sheriff was speaking from his recollection only of the warning given orally, but it is further shown by the statement itself that the proper statutory warning is found in the statement thus read and signed by the appellant. See DeBeauford v. State, 95 Tex. Cr. R. 398, 254 S.W. 572.

All the bills of exception relate to this statement and its admissibility and will be overruled.

No error appearing, the judgment will be affirmed.