**Robert OGIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00103–CR.**

Court of Appeals of Texas, San Antonio.

May 6, 1987.

Andrew B. Logan, San Antonio, for appellant.

Fred G. Rodriguez, Criminal Dist. Atty., Sam Millsap, Jr., Former Criminal Dist. Atty., Eduardo Garcia, John Causey, Barbara Hervey, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of murder following a jury trial. The jury assessed punishment at ninety-nine (99) years' confinement. We overrule the three points of error and affirm the conviction.

The first point of error complains of the trial court's overruling the defendant's motion to suppress his written statement. The specific contention is that the statement was involuntary due to the intoxicated state of the defendant at the time it was made.

Prior to the admission of the defendant's confession, the trial court conducted a hearing outside of the presence of the jury on the issue of voluntariness. The only testimony presented at the hearing came from Officers Baker and Rose who were present at the time of the taking of the confession. The defendant did not testify at the hearing. The officers generally testified that the defendant did not display any of the symptoms of intoxication and appeared to be sober. The officer who took the statement testified that he explained the defendant's rights to him, and the defendant acknowledged that he understood.

On cross-examination, one of the officers was asked whether or not the defendant was intoxicated at the time the confession was taken. The officer did not remember the defendant being intoxicated. When asked whether or not he had inquired if the defendant had taken drugs, the officer said he might have asked him that. The officer said, "Evidently something gave me the inclination just the way of his appearance, you know, people that use different types of drugs present an appearance but then again people on hard row have the same appearance."

The defendant relies on this testimony and on a doctor's report for his argument that the defendant was intoxicated and therefore unable to freely and voluntarily give a confession.

The offense occurred August 17, 1985, and the confession was given on August 21, 1985. On November 4, 1985, in response to an order of the court to evaluate the defendant to determine his sanity at the time of the offense, Dr. John Sparks interviewed the defendant in jail. He submitted a written report to the trial judge the following the day, which included in pertinent part:

Review of his medical record indicates that on entry into the jail on 8/21/85, he indicated a family history of hypertension; he admitted to periods of amnesia and dizziness and fainting spells when drinking excessively; and he indicated

some nervousness and heavy use of alcohol for eight years. He also indicated drinking two (2) six-packs daily, with some shakes when he withdrew in the past, but no DT's or seizures. He was placed on medication and seemed to stabilize.

The hearing on the motion to suppress the confession was held January 21, 1986. The report of Dr. Sparks was not offered into evidence nor was there a request that the judge consider the report in determining the voluntariness of the confession.

Even if the report had been offered into evidence at the hearing, there still was an absence of proof that the defendant was intoxicated at the time he gave his confession. There was no issue of fact before the trial judge concerning whether or not the defendant was intoxicated, much less proof which would require such a finding as a matter of law.

The first point of error is overruled.

█ In his second point of error the defendant complains that the trial court failed to enter findings of fact and conclusions of law pertaining to the voluntariness of the confession. TEX.CODE CRIM.PROC. art. 38.22, § 6 (Vernon 1979). Subsequent to the filing of appellant's brief, the trial court did file its findings of fact and conclusions of law in a supplemental transcript. The point of error is therefore moot and is overruled.

█ The final point of error complains of the trial court's failure to allow the defendant to elicit testimony from a State's witness on cross-examination which would have shown the complainant to have been in danger of death or injury from the co-defendant. The State called Lee Guerra to identify a photograph of the deceased. On cross-examination, the defense counsel sought to question the witness about the relations between James Wilson, the co-defendant, and Kathy Wilson, the deceased complainant, who had been James Wilson's wife. Objections by the State based on relevancy were sustained. Defense counsel thereafter perfected a bill of exceptions. In the bill of exceptions it was established

that the deceased complainant had come to the witness's home in a beaten condition on a couple of occasions. The witness was told by the complainant that she had been beaten by the co-defendant and the co-defendant's brother. It was further established in the bill that the witness and other members of the witness's family feared that the complainant's life was in danger from the co-defendant James Wilson.

A witness may be cross-examined on any matter relevant to any issue in the case. TEX.R.EVID. 610(b). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R. EVID. 401.

None of the evidence developed in the bill of exceptions had any tendency to prove or disprove any fact issue raised by the evidence at that stage of the trial or in this cause. We agree with the trial judge in his finding that the proffered evidence was irrelevant. The third point of error is overruled.

The judgment of conviction is affirmed.