Freddie Louis ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–89–00062–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 19, 1990.

Douglas Davis, Houston, for appellant.

Jose I. Gonzales–Falla, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated robbery. TEX. PENAL CODE ANN. § 29.03(a)(2). He was convicted and the court assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42(d), at imprisonment for ninety-nine years. We affirm.

In his original brief on appeal, appellant contended that the trial court erred in failing to make findings of fact and conclusions of law concerning his written confession.

On August 11, 1989, this court entered an order in which it directed the district court to make written findings of fact and conclusions of law. The district court complied with the order of this court by entering written findings of fact and conclusions of law in which it determined appellant's written statement was voluntary. The trial court's findings and conclusions were filed with this court on August 25, 1989.

On October 5, 1989, appellant filed a supplemental brief in which he contends that the trial court abused its discretion in finding that appellant's confession was voluntary. In his original brief, appellant's sole point of error asserted only that the trial court erred in failing to make findings of fact and conclusions of law concerning the voluntariness of his confession. This contention was rendered moot by the filing of the supplemental transcript containing the trial court's findings of fact and conclusions of law. *Ogier v. State*, 730 S.W.2d 189, 191 (Tex.App.—San Antonio 1987, no pet.). While the trial court should file its findings of facts and conclusions of law as soon as possible after admission of the confession, whether the accused objects to the failure to follow TEX.CODE CRIM.PROC. ANN. art. 38.22, § 6 or not, the fact that it did not do so until after abatement of the appeal for that purpose does not constitute reversible error. *Simpson v. State*, 603 S.W.2d 862, 865 (Tex.Crim.App.1980). We overrule the sole point of error contained in appellant's original brief.

In his supplemental brief, appellant contends the trial court abused its discretion by finding his confession was voluntary. A new ground of error raised in a supplemental brief but not raised in an original brief is not properly before the court for review. *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Crim.App.1982). As the Court of Criminal Appeals said recently,

Supplemented or amended briefs bringing new matters before the appellate court may be filed later, but only ... with leave of the appellate court.

*Rochelle v. State,* 791 S.W.2d 121, 124 (Tex.Crim.App.1990). Appellant did not obtain leave of this court to file an additional point of error. Furthermore, we are satisfied with the findings and conclusions made by the trial court regarding the voluntariness of appellant's confession and hold that "the interest of justice" requires no additional review of the point of error raised for the first time in appellant's supplemental brief.

Accordingly, we affirm the judgment of the trial court.