**Cardell RHETT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–91–527–CR, 3–91–528–CR.**

Court of Appeals of Texas, Austin.

June 17, 1992.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

In concurrent trials, a jury convicted Cardell Rhett, Jr., of burglary of a habitation and murder. Tex.Penal Code Ann. §§ 19.-02, 30.02 (1989). For the burglary, the jury assessed punishment at five years imprisonment. For the murder, the jury assessed punishment at ten years imprisonment and a $5,000 fine. Appellant brings two points of error: (1) the trial court improperly admitted his confession because the required warnings given to appellant were defective; and (2) the findings of fact and conclusions of law concerning the confession are insufficient because a judge other than the one before whom the case was tried signed them. We will overrule both points of error and affirm the judgments of conviction in both causes.

### Adequacy of Warnings

In point of error one, appellant contends that the warnings given by the police officer who took appellant's confession did not comply with statutory requirements. Tex. Code Crim.Proc.Ann. art. 38.22 (1979). The parties agree on the facts. After appellant was arrested, while in an elevator on the way to an interview room, Officer Janis Roth, who took the confession, recited the statutory warnings. She told appellant that anything he said could be used in court or at his trial. She did not, however, say that anything he said could be used *against* him.

In the interview room, before appellant made his statement, Roth gave him a form that had printed warnings meeting the statutory requirements. He initialed each warning and said he understood each of them. He then made his statement to Roth, which she typed. She then asked him to read the printed warnings again, and initial them again if he understood them, which he did. He then signed the statement. There is no contention that appellant was in any way incompetent to read and understand the written warnings and no challenge to the finding of fact that he read and understood the warnings.

The State first contends that appellant did not preserve error because appellant's objection at the trial court differed from the objection he now makes on ap-

peal. Tex.R.App.P.Ann. 52(a) (Supp.1992); *Euziere v. State*, 648 S.W.2d 700, 703–04 (Tex.Crim.App.1983). We think appellant adequately preserved error. Appellant first objected, in a hearing outside the presence of the jury, that the oral warnings were inadequate because Roth never told appellant that any statement he made could be used *against* him, and therefore violated article 38.22. In front of the jury, appellant again objected to the introduction of the confession on the grounds "previously stated," a form of the objection earlier approved by the judge. Once again outside the presence of the jury, the judge questioned Roth concerning the omission of the word "against," which shows he understood the objection. Appellant then objected that the verbal warning was not complete, in spite of the fact that the complete warning later appeared on the printed form.

█ Appellant contends that his case is controlled by a line of cases denying admission to confessions made after a defendant was told that the statement could be used "for or against" him. *See, e.g., Sterling v. State*, 800 S.W.2d 513 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991); *Dunn v. State*, 721 S.W.2d 325 (Tex.Crim.App.1986). In *Dunn,* the court discussed the basis for the exclusion of confessions obtained after a defendant had been told that a confession could be used "for or against" or "for and against" him as being that telling a defendant that a confession could be used for him holds out an improper inducement to confess and renders the confession involuntary. *Id.* at 341.

In *Sterling,* after the defendant was arrested he was advised of his rights. Later, at the jail, an officer told the defendant that "they might go easy" on him if he gave a statement and that any statement he gave could be used "for or against" him. *Sterling,* 800 S.W.2d at 518. The defendant then gave a written statement. The

beginning of the statement contained the written warnings in correct form, but not separated from the body of the confession.[1] The next morning, the defendant gave another written statement, after being given the correct warnings. *Id.* at 519. The court held that the first statement was improperly admitted because the defendant was told the statement could be used for or against him. *Id.* The court held that the second confession was far enough removed from the taint of the first confession to render it admissible, however, which cured the error. *Id.* at 520.

This case presents an important distinction from *Dunn* and *Sterling.* Here, the officer taking the confession did not affirmatively tell appellant that the confession could be used *for* him, or promise easier treatment in return for a confession. Instead, the officer omitted a part of the verbal warning. A case dealing with the omission of part of the required warnings is *Mullins v. State*, 237 S.W.2d 978 (Tex. Crim.App.1951). In *Mullins,* the sheriff told the defendant he did not have to make a statement but if he did it would be used against him, omitting the phrases "in court" or "at trial." When the defendant's statement was reduced to writing, however, it included the omitted phrase. The opinion noted that the defendant read and signed the confession. The court held that the presence of the omitted phrase in the written warning was adequate.

In our case, the officer taking the confession omitted a part of the warning. Appellant did not give a statement immediately following the verbal warning, but rather only after reading and initialing each separately enumerated printed warning of his rights. After making, but before signing, the confession, he again initialed separately enumerated printed warnings. There is no contention that appellant did not understand what he was reading and signing and no challenge to the finding of fact that he understood these rights. In fact, before Roth could give him the very first set of

---

1. The court did not discuss the presence of the written warnings in the confession itself, or whether the defendant had read and understood them. The defendant, although found compe-

tent to stand trial, had tested in the mentally retarded range on an I.Q. test. *Sterling,* 800 S.W.2d at 518–19.

warnings, he told her that he knew his rights.

We find that the neutrality of the officer's statement, combined with appellant's receiving and understanding of each of his rights in written form, was sufficient to allow the admission of the statement. The policy discussed in *Dunn* is not implicated here, because no promise was made to the defendant that his confession could be used *for* him. We overrule point of error one.

### Findings and Conclusions

In point of error two, appellant contends that the court erred in admitting appellant's statement into evidence because the findings of fact and conclusions of law concerning the confession were not signed by the judge before whom the case was tried. Appellant complains that one judge heard the evidence on the admissibility of the statement and made findings of fact and conclusions of law. A different judge later signed those findings and conclusions. Appellant contends that there is ample authority for the successor of a trial judge who resigns or dies in office to file findings of fact and conclusions of law. Because the judge in this case did not die, resign, or become incapacitated, he argues no authority exists for a signature other than that of the judge who held the hearing on the confession. The State responds that appellant failed to preserve error because he failed to object to the findings and conclusions at the trial court. Tex.R.App.P.Ann. 52(a) (Supp.1992).

We agree that error was waived with regard to this point of error. We overrule point of error two.

We affirm the judgment of conviction and sentence on both causes.

POWERS, J., not participating.