Cardell RHETT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 1025–92, 1026–92.

Court of Criminal Appeals of Texas, En Banc.

Oct. 21, 1992.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of burglary of a habitation and murder, with punishment being assessed by the jury at five years in the penitentiary for the burglary and ten years in the penitentiary plus a $10,000 fine for the murder. The convictions were affirmed. *Rhett v. State*, 832 S.W.2d 177 (Tex.App.–Austin 1992).

On direct appeal, Appellant raised two points of error regarding the admission of a confession. In his first point of error he argued that the trial court erred in admitting the statement into evidence because the officer taking the statement gave warnings which did not comply with Article 38.-22, § 2, V.A.C.C.P. The Court of Appeals found that proper warnings were given. In his second point of error Appellant argued that the findings of fact and conclusions of law regarding the admission of the statement were insufficient because they were not signed by the judge who tried the case.[1]

The record reflects the trial in this case was had in October of 1991. The transcript was due at the Court of Appeals on December 31, 1991, but an extension was granted until January 30, 1992. On January 29, 1992, findings of fact and conclusions of law were signed by the Hon. C.W. Duncan, a former presiding judge of the trial court who had not presided over the trial of the instant case. Later that same day, these findings were filed with the District Clerk and were included in the appellate transcript. The cover prepared by the District Clerk pursuant to Tex.R.App.Pro. Appendix 1(a)(3), reflects that the Clerk delivered the transcript to the Third Court of Appeals the same day the findings were filed. The transcript was filed of record with the Court of Appeals on February 4, 1992.

In response to Appellant's second point of error the State argued that Appellant had failed to preserve for appellate review the question of whether the findings must be signed by the judge before whom the case has been tried. Citing Tex. R.App.Pro. 52(a), the Court of Appeals agreed and did not address the merits of the point of error. In his second ground for review, Appellant argues that he was not provided any opportunity to present objections to the trial court, and thus Rule 52(a) does not apply.

As the findings of fact were signed, filed and delivered to the Court of Appeals three months after trial and without notice to Appellant, we agree. Rule 52(a), the "contemporaneous objection rule," requires only that objection be presented to the trial court so as to provide that court with an opportunity to prevent any error. Such rule cannot be reasonably interpreted to require counsel to object to anything which occurs after trial.

Accordingly, Appellant's second ground for review is summarily granted, and this case is remanded to the Court of Appeals for consideration of Appellant's second point of error. Appellant's first ground for review is dismissed without prejudice.

---

1. Whenever there is a question raised as to the voluntariness of a statement of the accused, the trial court is required to enter an order stating its conclusion as to whether or not the statement was voluntarily made and to enter the specific findings of fact upon which such conclusion was based. See Article 38.22, § 6, V.A.C.C.P. No such order was entered at trial.