CR1-527 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON REMAND


 





NO. 3-91-527-CR


AND


NO. 3-91-528-CR





CARDELL RHETT, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NOS. 40,013 & 40,015, HONORABLE JOE CARROLL, JUDGE PRESIDING


 





PER CURIAM



 In concurrent trials, a jury convicted Cardell Rhett of burglary of a habitation and
murder. Tex. Penal Code Ann. §§ 19.02, 30.02 (West 1989). For the burglary, the jury assessed
punishment at five years in prison. For the murder, the jury assessed punishment at ten years in
prison and a $5000.00 fine. On original submission, appellant brought two points of error: (1)
the trial court improperly admitted his confession because the required warnings given to appellant
were defective; and (2) the findings of fact and conclusions of law concerning the confession
required by Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 1979) were insufficient because
a judge other than the one before whom the cause was tried signed them.

 On original submission, we affirmed the judgments of conviction in both causes. 
Rhett v. State, 832 S.W.2d 177 (Tex. App.--Austin 1992). As against the State's contention that
appellant did not preserve error on point one, we found error preserved, but overruled the point
on the merits. We found appellant failed to preserve error on point two. On appellant's petition
for discretionary review, the Court of Criminal Appeals held that point two was preserved and
remanded the cause for consideration of that point. Rhett v. State, 839 S.W.2d 93 (Tex. Crim.
App. 1992). We then abated the appeal by our order in Rhett v. State, Nos. 3-91-527-CR & 3-91-528-CR (Tex. App.--Austin March 31, 1993)(not designated for publication).

 We will not repeat the discussion from our order, but will summarize. In his second
point of error, appellant contended that the findings of fact and conclusions of law concerning his
confession were insufficient because they were not signed by the Honorable Joe Carroll, the judge
who conducted the hearing on voluntariness, made the findings and conclusions, and tried the
cause. Appellant's requested relief was a reversal and remand for new trial. Even if we had
agreed with appellant and held the findings void, the remedy, however, was to abate the appeal
for curative action. See Bass v. State, 626 S.W.2d 769, 775 (Tex. Crim. App. 1982); Mayfield
v. State, 821 S.W.2d 357, 358-59 (Tex. App.--Houston [14th Dist.] 1991, no pet.); Allen v. State,
795 S.W.2d 15,16 (Tex. App.--Houston [14th Dist.] 1990, no pet.); Doby v. State, 681 S.W.2d
759, 764 (Tex. App.--Houston [14th Dist.] 1984, no pet.).

 We have received, by way of a supplemental transcript for each cause, the
previously made findings, now signed by Judge Joe Carroll. Because appellant has received all
the relief possible based on his second point of error, that point is now moot. 

 Having previously overruled point of error one, and holding point of error two
moot, we affirm appellant's conviction in each cause. 


[Before Justices Powers, Kidd and B. A. Smith; Justice Powers Not Participating]

Affirmed

Filed: April 28, 1993

[Do Not Publish]