TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00490-CR







Pejman Dargahi, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 490,638, HONORABLE DAVID CRAIN, JUDGE PRESIDING








 The trial court, sitting without a jury, found appellant Pejman Dargahi guilty of
assault with bodily injury (1) and assessed punishment at confinement for one year and a $1000 fine. 
The court suspended imposition of the sentence and placed appellant on community supervision
for one year. Appellant complains on appeal that the trial court erred in admitting inadmissible
hearsay statements; (2) that the evidence is legally insufficient to support the court's finding of guilt;
and that his constitutional right to confront his accuser was violated. (3) We will affirm the
conviction. 


BACKGROUND

 On October 26, 1997, Robin Orten, a patrol officer for the City of Austin,
responded to a 911 call reporting a disturbance at appellant's residence. Officer Orten testified
that when she arrived at the residence, she encountered Rochelle Dargahi, appellant's wife, whom
she believed to be the complainant. Appellant and a child were also present. According to Officer
Orten, Mrs. Dargahi "appeared to be very upset," was crying, and her left cheek and jaw area
were red. Officer Orten provided further that Mrs. Dargahi was so upset that she initially could
not speak. While continuing to cry, Mrs. Dargahi eventually told Officer Orten that appellant had
hit her on the head and in the back area with his hands during an argument. Officer Orten took
photographs of the injuries sustained to Mrs. Dargahi's face, wrists, and arms. She then arrested
appellant, and he was later charged by information with assault with bodily injury.

 Officer Orten was the sole witness at appellant's trial. She described Mrs.
Dargahi's emotional state and her physical observations of Mrs. Dargahi's injuries. She also
testified about certain statements Mrs. Dargahi made to her that night concerning her injuries and
the cause thereof. The State proffered, and the trial court admitted, the photographs that Officer
Orten took of Mrs. Dargahi.

 Based on this evidence, the trial court found the appellant guilty of assault (4) and
sentenced him to one year in jail and a $1000 fine. The court suspended the sentence and placed
appellant on community supervision for one year, subject to certain terms and conditions. 
Appellant asserts in three points of error that: (1) the trial court erred in admitting into evidence
hearsay statements of Officer Orten when the evidence did not support a finding that the statements
were admissible under the excited utterance exception to the hearsay rule; (2) the evidence is
legally insufficient to support the trial court's finding of guilt; and (3) appellant's constitutional
right to cross-examine and confront his accuser was violated when the only evidence adduced
against him was the testimony introduced through Officer Orten.


DISCUSSION

 The State initially asserts that appellant did not preserve his first two points of error
for review because he does not set out in his brief where in the record the specific statements of
which he complains can be found. See Tex. R. App. P. 38.1(h). While the failure to specify
where the subject matter is to be found in the record may result in the reviewing court's refusal
to address the points of error, we decline to exercise this option. See Shelvin v. State, 884 S.W.2d
874, 876 (Tex. App.--Austin 1994, pet. ref'd) (citing Castillo v. State, 810 S.W.2d 180, 182 n.1
(Tex. Crim. App. 1990)). Briefing rules are to be liberally construed. Tex. R. App. P. 38.9. 
The objectionable testimony is easily accessible as there was only one witness at trial, the record
is not lengthy, and the statements are easily identifiable. We will address the points of error
advanced by appellant.


Evidentiary Findings

 In his first point of error, appellant challenges the trial court's decision to admit
hearsay statements made by Officer Orten under the excited utterance exception to the hearsay
rule. See Tex. R. Evid. 803(2). "The admissibility of an out-of-court statement under the
exceptions to the general hearsay exclusion rule is within the trial court's discretion." Lawton v.
State, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995), cert. denied, 117 S. Ct. 88 (1996); Coffin
v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994) (trial court is institutional arbiter of
whether hearsay is admissible, reviewable on appeal under abuse of discretion standard). Thus,
the appellate court's role is limited to determining whether the record supports the trial court's
ruling. Coffin, 885 S.W.2d at 149. An appellate court may reverse the trial court's decision
under this standard only when it appears that the court applied an erroneous legal standard or when
no reasonable view of the record could support the trial court's conclusion under the correct law
and the facts viewed in the light most favorable to its legal conclusion. Dubose v. State, 915
S.W.2d 493, 497-98 (Tex. Crim. App. 1996).

 The State urges that our review of appellant's complaint is limited to only one
statement made by Officer Orten at trial because appellant failed to preserve error for any other
alleged inadmissible testimony. We agree. "[T]he law in Texas requires a party to continue to
object each time inadmissible evidence is offered." Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991). See Tex. R. App. P. 33.1 (to present complaint for appellate review
record must show complaint was made to trial court by timely objection). Thus, when a party has
an objection to a line of testimony from a witness, that party must object every time the
objectionable evidence is offered, or request a running objection. See Ethington, 819 S.W.2d at
858. (5) 

 In this case, the State asked Officer Orten if Mrs. Dargahi indicated whether the
red marks on her cheek and jaw were causing her pain. Appellant objected to this question on the
grounds that it called for inadmissible hearsay; however, the trial court found that the statement
fell within the excited utterance exception to the hearsay rule, overruled the objection, and allowed
Officer Orten to answer the question:


Q. Did she indicate to you that the redness was painful?


A. Yes, sir, she did.



The record then reflects that Officer Orten continued to relate what Mrs. Dargahi told her that
night without further objection by appellant. Appellant never requested a running objection to this
line of questioning.

 Appellant's "initial objection should have been followed by further objections or
a request for a 'running' objection." Id. at 859. Therefore, appellant cannot complain on appeal
of Officer Orten's continued testimony regarding Mrs. Dargahi's out-of-court statements. See id.
at 859-60 (defendant failed to preserve error by only objecting to first question, not to continued
detailed testimony, and did not request running objection). We thus must determine whether the
trial court abused his discretion in admitting Officer Orten's testimony that Mrs. Dargahi indicated
that the red area on her face was painful as an excited utterance under Texas Rule of Evidence
803(2). Tex. R. Evid. 803(2). 

 An excited utterance is "[a] statement relating to a startling event or condition made
while the declarant was under the stress of excitement caused by the event or condition." Id. 
Appellant first contends that the trial court abused his discretion in admitting the statement under
this exception because there is no evidence to establish the proximity between the alleged assault
and the statement made by Mrs. Dargahi to Officer Orten. "The critical factor in determining
when a statement is an excited utterance under Rule 803(2) 'is whether the declarant was still
dominated by the emotions, excitement, fear, or pain of the event.'" Lawton, 913 S.W.2d at 553
(quoting McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), cert. denied, 508
U.S. 963 (1993)). The period of time that elapses between the occurrence of the event and the
utterance is only one factor to be considered in determining the admissibility of such statements. 
Id.

 Officer Orten testified that when she arrived at appellant's residence, Mrs. Dargahi
was "very upset"; she was so upset that she initially could not speak to Officer Orten; and when
she was finally able to talk, she cried and sobbed during their entire conversation. Additionally,
Officer Orten observed redness on Mrs. Dargahi's cheek and jaw, and later took photographs of
scratches on Mrs. Dargahi's wrists and forearms. While the time frame between the event and
the statement was not conclusively established, the trial court could have reasonably concluded
from the evidence before him that Mrs. Dargahi was still dominated by the emotional and physical
stress of the assault when she made the statements to Officer Orten. See McFarland, 845 S.W.2d
at 846 (though time between event and statement not established, emotional and physical state
established statement as excited utterance); cf. Lawton, 913 S.W.2d at 554 (rejecting appellant's
assertion that elapse of one hour categorically removed statement from excited utterance
exception).

 Appellant argues further that Mrs. Dargahi's statement did not constitute an excited
utterance because she made this statement in response to questioning by Officer Orten. We agree
with the State that the record does not support this contention. During the trial, the State asked
Officer Orten whether Mrs. Dargahi ever indicated that the redness was painful, and Officer Orten
answered in the affirmative. This does not establish that Mrs. Dargahi made these statements in
response to Officer Orten's questions. Rather, this statement merely shows that Mrs. Dargahi
indicated that the marks were painful. Appellant never questioned Officer Orten further about the
circumstances surrounding this statement. Thus, we find this contention is without merit. (6)

 We overrule appellant's first point of error.


Sufficiency of the Evidence

 Appellant complains in his next point of error that the evidence is legally
insufficient to support the trial court's finding of guilt. The critical inquiry on review of the legal
sufficiency of the evidence to support a criminal conviction is whether the record could reasonably
support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318
(1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). This Court does not ask
whether it believes that the evidence at trial established guilt beyond a reasonable doubt. Jackson,
443 U.S. at 318-19; Griffin, 614 S.W.2d at 159. Rather, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at
319; Griffin, 614 S.W.2d at 159.

 Appellant urges that the State's case was based solely on the hearsay testimony of
Officer Orten, which is insufficient to support his conviction. While it is true that the trial court
admitted hearsay testimony, as we have noted, this testimony consisted of a statement specifically
not excluded by the hearsay rule and other statements elicited without objection. (7) The record
further reflects that the State introduced additional evidence beyond Mrs. Dargahi's out-of-court
statements. The State called Officer Orten, who testified that when she arrived at the scene she
identified only Mrs. Dargahi, appellant, and a small child in the apartment. Mrs. Dargahi's cheek
and jaw area were red, Mrs. Dargahi was very upset, "sobbing and crying" continuously, and
there were scratches on Mrs. Dargahi's forearms and wrists. In addition to Officer Orten's
testimony regarding Mrs. Dargahi's emotional and physical state, the State offered photographs
of Mrs. Dargahi's injuries to her face, wrists, and forearms, which were admitted into evidence
by the trial court. These photographs and Officer Orten's observations corroborate Officer
Orten's testimony relating what Mrs. Dargahi said to her that night about the cause of her injuries:


A. . . . She told me that she and her husband had been in a verbal argument and
that during that argument he struck her.


Q. Did he tell you -- did she tell you what he struck her with?


A. Yes, sir. She said that he struck her with his hands.


Q. On the head?


A. Yes. She also advised me that he had struck her in the back area.


Q. . . . Did she tell you what this argument was about?


A. Yes. She said that it was due to her complaining to her husband that he hadn't
been giving her enough attention.



 Viewing this evidence in the light most favorable to the prosecution, we find that
a rational trier of fact could have found beyond a reasonable doubt that appellant committed an
assault against Mrs. Dargahi. Therefore, we overrule appellant's second point of error. (8)


Confrontation Clause

 By his last point of error, appellant argues that his "right to cross-examine or
confront his accuser under Article I, section 10 of the Texas Constitution was violated when the
only evidence adduced against him was the 'excited utterance' testimony introduced through
Officer Orten." In response, the State argues that appellant did not preserve this point for appeal
because he never presented it to the trial court. We agree.

 To preserve error for appellate review the record must show that the complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1. "Thus,
as a general rule, reviewing courts will not consider errors, even those of constitutional
magnitude, not called to the trial court's attention." Shelvin v. State, 884 S.W.2d 874, 876 (Tex.
App.--Austin 1994, pet. ref'd) (citing Rhett v. State, 839 S.W.2d 93, 94 (Tex. Crim. App.
1992)); see also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) ("Even
constitutional errors may be waived by failure to object at trial."). In Briggs, the court of criminal
appeals held that appellant waived his right to claim that his constitutional right to confront
witnesses was violated because he failed to object at trial. Briggs, 789 S.W.2d at 924.

 As in Briggs, the record reveals in this case that appellant made no objection,
motion or request claiming that his right to confront the complainant had been violated. Thus,
appellant has not preserved this point of error for review. Regardless, even if we chose not to
consider the "excited utterance" testimony, sufficient evidence is present to affirm appellant's
conviction.

 We overrule appellant's third point of error.


CONCLUSION

 Having disposed of appellant's points of error, we affirm the trial-court judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 20, 1999

Do Not Publish

1. See Tex. Penal Code Ann. § 22.01(a)(1) (West 1994).
2. See Tex. R. Evid. 802.
3. See Tex. Const. art. I, § 10.
4. Appellant waived his right to a trial by jury.
5. In Ethington, the court of criminal appeals found that former rule 52(b) of the Texas Rules
of Appellate Procedure provided that error could be preserved by general objection made to the
trial court outside the presence of the jury. Ethington, 819 S.W.2d at 859. However, former rule
52(b) was omitted from the current rules of evidence. See Tex. R. App. P. 33.1 (notes and
comments).
6. Even if Mrs. Dargahi's statement had been in answer to a question by Officer Orten, it
would not necessarily be inadmissible. See Tejeda v. State, 905 S.W.2d 313, 316 (Tex.
App.--San Antonio 1995, pet. ref'd) (citing Jones v. State, 772 S.W.2d 551, 555 (Tex.
App.--Dallas 1989, pet. ref'd) (citing Morris v. State, 246 S.W.2d 184, 186 (Tex. Crim. App.
1951))).
7. See pp. 3-7, supra; Tex. R. Evid. 803(2); 802.
8. We do not address whether admissible hearsay, standing alone, may be sufficient to support
a conviction. The record before us reflects additional evidence apart from Mrs. Dargahi's out-of-court statements.


he light most favorable to the prosecution, we find that
a rational trier of fact could have found beyond a reasonable doubt that appellant committed an
assault against Mrs. Dargahi. Therefore, we overrule appellant's second point of error. (8)


Confrontation Clause

 By his last point of error, appellant argues that his "right to cross-examine or
confront his accuser under Article I, section 10 of the Texas Constitution was violated when the
only evidence adduced against him was the 'excited utterance' testimony introduced through
Officer Orten." In response, the State argues that appellant did not preserve this point for appeal
because he never presented it to the trial court. We agree.

 To preserve error for appellate review the record must show that the complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1. "Thus,
as a general rule, reviewing courts will not consider errors, even those of constitutional
magnitude, not called to the trial court's attention." Shelvin v. State, 884 S.W.2d 874, 876 (Tex.
App.--Austin 1994, pet. ref'd) (citing Rhett v. State, 839 S.W.2d 93, 94 (Tex. Crim. App.
1992)); see also