Affirmed and Memorandum Opinion filed February 9, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00660-CR

___________________

 

Ernest Olivos, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 180th District Court

Harris County,
Texas



Trial Court Cause No. 1123475

 



 

 

MEMEORANDUM OPINION

            A jury found appellant, Ernest Olivos, guilty of
aggravated robbery, and the trial court assessed punishment at forty-five
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division.  See Tex. Penal Code Ann. § 29.03 (Vernon 2009).  In two
issues, appellant challenges the trial court’s failure to include a general
voluntariness instruction in the jury charge and the trial court’s failure to
file findings of fact.  We affirm.    

Factual
and Procedural Background

            The
complainant, Jose Gaitan, testified that on June 16, 2007, he was driving home
from a bar and stopped to give a woman, whom he did not know, a ride to the
local convenience store.  Once they reached the convenience store, the
complainant parked his vehicle to let the woman out.  Immediately, appellant
approached the complainant’s vehicle door, opened the door, and pulled the
complainant out of the vehicle.  Appellant then demanded the complainant’s
money.  When the complainant refused, appellant stabbed him in his torso ten
times.  The complainant eventually got away and ran home.  Appellant drove off
in the complainant’s vehicle.            

            Officer Jeffrey L.
Michael of the Houston Police Department arrested appellant on a charge
unrelated to the stabbing incident.  After arresting appellant, Officer Michael
took him to the police station and interviewed him.  Before commencing the
interview, Officer Reese of the Houston Police Department read appellant his
Miranda rights, which appellant agreed to waive.  During the videotaped
interview, appellant gave a statement regarding the stabbing incident. 
Appellant told police that he was at a friend’s home when a woman came inside
and claimed a man was trying to rape her.  Appellant told police that he ran
outside to fight the alleged rapist.  Appellant claimed he pushed the
complainant (alleged rapist) to the ground and neighborhood kids began kicking
the complainant.  Appellant told his interviewers that he jumped in the
complainant’s truck, drove a few blocks away, and abandoned the truck. 
Appellant never mentioned stabbing the complainant.  

            The
interviewing officers confronted appellant with evidence that the complainant
had stab wounds.  Appellant denied having stabbed the complainant.  The
officers also told appellant they had interviewed witnesses and watched a
surveillance tape from the nearby convenience store and as a result they did
not believe he was telling the whole truth.  Despite the officers’ questions,
appellant did not change his original story, insisting he had not stabbed the
complainant.  

            Appellant
was charged with aggravated robbery and a jury found him guilty.  The trial
court assessed appellant’s punishment at forty-five years’ confinement. 
Appellant timely filed this appeal.  

Discussion

I.         Did
the Trial Court err by failing to include an instruction on the            voluntariness
of appellant’s statement?  

 

            Appellant contends the trial court should
have included an instruction in the jury charge asking the jurors to determine whether
they believed his videotaped statement had been given voluntarily.  

            A.        Applicable Law

            When the evidence raises an issue of the
voluntariness of a defendant’s statement under article 38.22 of the Code of
Criminal Procedure, the trial judge must give a general voluntariness
instruction under sections 6 and 7 of that article because it is the “law
applicable to the case.”  Oursbourn v. State, 259 S.W.3d 159, 165 (Tex.
Crim. App. 2008).  A question of voluntariness is raised when it is litigated
in some manner at trial.  Id. at 176.  When the defendant does not
request this statutorily mandated instruction, the trial court’s failure to
include it is reviewed only for egregious harm.  Id. at 165.      

            Under article 38.21, “[a] statement of an accused
may be used in evidence against him if it appears that the same was freely and
voluntarily made without compulsion or persuasion[.]”  Code Crim. Proc. Ann.
art. 38.21 (Vernon 2005).  A defendant may claim that his statement was not
freely and voluntarily made and thus may not be used as evidence against him,
under several different theories: (1) article 38.22 section 6, general
voluntariness; (2) Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16
L. Ed. 2d 694 (1966), as expanded in article 38.22, sections 2 and 3 (the Texas
Confession statute); or (3) the Due Process Clause.  Oursbourn, 259
S.W.3d at 169.  It may be involuntary under one, two, or all three theories.  Id. 
The theory of involuntariness determines whether and what type of an
instruction may be appropriate.  Id.  

            B.        Analysis

            Appellant contends the general
voluntariness instruction under article 38.22 section 6 is the only instruction
applicable to this case.  Thus, we must first determine whether the issue of
voluntariness was raised under the general voluntariness standard of article
38.22 section 6.  If voluntariness was raised, we must decide whether the
failure to include the jury instruction amounted to egregious harm.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  

                        1.         Article 38.22 section 6—General
Voluntariness—Instructions

            Article 38.22 section 6 of the Code of
Criminal Procedure governs the admissibility of an accused’s custodial and
non-custodial statements, and provides that only voluntary statements may be
admitted in court.  Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); see
Oursbourn, 259 S.W.3d at 171.  A claim under section 6 that an accused’s
statement was made involuntarily may include situations involving police
overreaching, youth, intoxication, illness or medication, mental
incapacitation, or other disabilities.  See Oursbourn, 259 S.W.3d at
172–73.  Although alone these fact scenarios are not enough to render a
statement inadmissible, they are factors a jury is entitled to consider when
armed with a proper instruction.  Id. at 173.

            Article 38.22, section 6 becomes “law applicable
to a case” once a question is raised and actually litigated as to the general
voluntariness of an accused’s statement; however, a factual dispute is not
necessary.  Id. at 175–76, 180.  A question of voluntariness is raised
when a party notifies the trial court or the trial court raises the issue on
its own.  Id. at 175.  

The Court of Criminal Appeals has stated that the sequence of
events contemplated by section 6 is as follows:

(1) a party notifies the trial judge that there is an issue
about the voluntariness of the confession (or the trial judge raises the issue
on his own);

(2) the trial judge holds a hearing outside the presence of
the jury;

(3) the trial judge decides whether the confession was
voluntary;

(4) if the trial judge decides that the confession was
voluntary, it will be admitted, and a party may offer evidence before the
jury suggesting that the confession was not in fact voluntary;

(5) if such evidence is offered before the jury, the trial
judge shall give the jury a voluntariness instruction.

 

Id.
(emphasis added); see Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005).

                        

                        2.         Did appellant raise the
issue of voluntariness?

            Appellant contends he raised the issue of
voluntariness through his motion to suppress and during his cross-examination
of Officer Michael.[1] 
Appellant contends because Officer Michael admitted to the jury that he and
Officer Reese lied to appellant during the interview, the issue of
voluntariness was raised.  The testimony appellant contends raised the issue of
voluntariness is as follows:

            [After playing appellant’s videotaped statement]

 
         DEFENSE COUNSEL:         But when you interviewed Mr. Olivos, you told
him that                                                         there were
independent witnesses, which wasn’t true,                                                                         correct?

            OFFICER
MICHAEL:          That is correct.

            DEFENSE
COUNSEL:         And you told him there was a surveillance camera, a                                                               tape
that actually saw what was going on, correct?

            OFFICER
MICHAEL:          Officer Reese told him that.

            DEFENSE
COUNSEL:         Right.  That wasn’t true, right?

            OFFICER
MICHAEL:          Correct

                                                            .
. . 

            DEFENSE COUNSEL:         So
they teach police officers at various interrogations                                                                         schools
that it is okay to lie to suspects when they are                                                                         trying
to get a statement from them?

            OFFICER MICHAEL:          They
teach us in the schools, yes, they teach you that                                                              you
can tell them that you have more evidence than you                                                        have
to try to get the truth.

            DEFENSE COUNSEL:         They
teach you anything else to — along those lines?

            OFFICER MICHAEL:          What
do you mean?

            DEFENSE COUNSEL:         Do
they tell you — teach you how to do search warrants                                                        and
things of that nature?

            OFFICER MICHAEL:          That
would be a separate school.

            DEFENSE COUNSEL:         Do
they teach you at that school what a false confession                                                        is?

            OFFICER MICHAEL:          No,
sir.  

            DEFENSE COUNSEL:         Have
you ever heard of what a false confession is?

            OFFICER MICHAEL:         No,
sir.

 

Additionally,
during the videotaped statement, the officers told appellant the complainant’s
vehicle had been fingerprinted and that the co-defendants’ fingerprints were
found on the truck.  This was untrue.  However, the videotape also shows that
appellant did not change his story after the officers suggested the false
evidence to him.  Furthermore, during closing argument defense counsel
emphasized the fact appellant did not change his story after he was given the
false evidence.

            Although
an accused does not have to testify or call witnesses in order to raise the
issue of voluntariness, there must be some evidence presented that raises the
issue.  Muniz v. State, 851 S.W.2d 238, 255 (Tex. Crim. App. 1993)
(holding where the majority of appellant’s “evidence” of involuntariness
consisted of leading questions regarding coercion propounded to peace officers,
the issue of voluntariness was not raised).  It is undisputed that the police
officers made misrepresentations during their interrogation of appellant;
however, the evidence shows these misrepresentations did not affect appellant’s
statement.  When Officer Michael admitted to lying to appellant about evidence,
the voluntariness of appellant’s statement was not called into question because
appellant’s statement remained unchanged, despite the misrepresentations. 
Furthermore, the purported involuntariness-evidence consisted of leading
questions about general police interrogation tactics.  The purported
involuntariness-evidence did not call into question a specific aspect of
appellant’s statement.  

            In
light of the above, we hold appellant did not raise the issue of voluntariness
and, therefore, the trial court did not err in failing to include an instruction
on voluntariness.  See Oursbourn, 259 S.W.3d at 175.  Accordingly,
appellant’s first issue is overruled.        

II.        Did
the Trial Court err by failing to file findings of fact regarding the   voluntariness
of appellant’s statement?

            If
the trial court finds a statement was voluntarily made, article 38.22 section 6
of the Code of Criminal Procedure requires the trial court to file specific
findings of fact upon which the conclusion was based.  Code Crim. Proc. Ann.
art. 38.22 § 6 (Vernon 2005).  Appellant contends the trial court erred by
failing to file findings of fact regarding the voluntariness of appellant’s
confession.  Appellant’s contention is now moot because the trial court filed
findings of fact and conclusions of law regarding the trial court’s finding of
voluntariness after this Court abated the appeal.  

            Appellant
filed his brief on July 9, 2009.  On July 16, 2009 this Court abated the appeal
and issued an order directing the trial court to enter findings of fact and
conclusions of law on the voluntariness of appellant’s statement.  On August
17, 2009 a supplemental clerk’s record was filed containing the trial court’s
findings of fact and conclusions of law.  The appeal was reinstated on August
18, 2009.  Appellant did not file a supplemental brief.

            Appellant’s
contention was rendered moot by the filing of the supplemental clerk’s record
containing the requested findings of fact and conclusions of law.  Allen v.
State, 795 S.W.2d 15, 16 (Tex. App.—Houston [14th Dist.] 1990, no writ). 
While the trial court should file its findings of fact and conclusions of law
as soon as possible after the admission of the statement, the fact that it did
not do so until after abatement of the appeal for that purpose does not
constitute reversible error.  Id.  Accordingly, appellant’s second issue
is overruled. 

 

Conclusion

            Having
overruled both of appellant’s issues on appeal, we affirm the judgment of the
trial court.  

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

 

 

Panel consists of Justices
Anderson, Seymore, and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Article 38.22 section 6
requires that the evidence raising an issue on voluntariness must be presented
before the jury; the hearing on the motion to suppress was held outside the
jury’s presence.  Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005). 
Therefore, the motion to suppress has no bearing on whether appellant raised
the issue of voluntariness as required by the Code.  See Butler v. State,
872 S.W.2d 227, 236 (Tex. Crim. App. 1994).